UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MATT MOONIN, DONN YARNALL,
and ERIK LEE,

        Plaintiffs,

vs.

DAVE LEWIS, KEVIN TICE,
JIM PETERSON, CHRIS PERRY,

        Defendant.
_____/

CASE NO. 3:12-cv-0353-LRH-VPC

OBJECTION TO
MAGISTRATE JUDGE
RULING (Docket 138)

      COMES NOW Plaintiffs MATT MOONIN, DONN YARNALL and ERIK LEE, by and through their attorney of record, KENNETH MCKENNA, ESQ., and hereby objects to the Magistrate Judge's ruling, Docket 138 as follows:

      Pursuant to 28 U.S.C. §636(b)(1)(C), Fed.R.Civ. 72(a) and Local Rule IB3-2 Plaintiffs object to the Magistrate Judge's ruling denying Plaintiffs' Motion (Docket 134) for Leave to file a Second Amended Complaint, the notice of the Magistrate Judge's ruling appearing at Docket 138.

      The basis for the motion for leave to amend was simple.  Plaintiff's First Amended Complaint failed to delete parties and omit averments that were no longer relevant given the Court's ruling on the motion to dismiss, and, inadvertently, it omitted the three defamation claims against Chris Perry, Jim Peterson and Dave Lewis.  Docket 101.

      In Docket 129, the Court dismissed all of Plaintiff's claims with prejudice except for the First Amendment claim against Tice and the trespass claim against Zapata.

      With respect to the instant motion, Defendants argued that in its January 17, 2014, Order, Docket 129, the Court pointed out that Plaintiffs had not alleged their defamation claims in the First Amended Compliant.  Defendants argued that seven months had passed since that Order, and that the delay was undue.  Delay alone is not cause to deny leave to amend.  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (factors to consider in determining whether leave to amend should be granted are undue delay, bad faith, prejudice and futility);

KEN McKENNA, ESQ.
544 West First Street
Reno, Nevada 89503
(775)329-6373

*Webb v. United States*, 655 F.2d 977, 980 (9th Cir. 1981). Pursuant to the Scheduling Order, Docket 132, the last day to file the motion to amend was August 13, 2014. The motion was filed on August 13, 2014. Given the motion was timely under the Scheduling Order, it cannot be held that there was any delay, let alone undue delay.

    Furthermore, the Defendants would suffer no prejudice, *Foman, supra*, because the motion was made months in advance of the discovery cut-off of November 10, 2014. Had the motion been granted by the Magistrate Judge on September 30, 2014, a month and a half would remain within which Defendant could conduct discovery with respect to the defamation claim, to the extent it had not already done so.

    Inadvertence leading to the need to re-add the defamation claim is hardly bad faith. *Foman, supra*. The factual averments supporting the claim remained in the First Amended complaint. The sole amendment was to make out the claim inadvertently omitted in the First Amended Complaint.

    Nor is the amendment futile. The Court's Order on the motion to dismiss acknowledge the viability of the claim.[1]

    The Magistrate Judge's ruling denying leave to amend thus was clearly erroneous and contrary to law. Local Rule 3-1(a).

    Defendants mention that the Court had previously denied leave to amend in Docket 129. However, the Court always has the discretion to reconsider its prior rulings. Fed.R.Civ.P. 54(b).

    Based upon the foregoing, the Court should find that the Magistrate Judge's ruling was in error and constituted an abuse of discretion in applying the relevant factors under *Foman*, and that that ruling should be reversed and an order entered granting leave to amend.

DATED this ___20th_____ day of October, 2014.

                      /S/ KEN MCKENNA
                      Kenneth J. McKenna
                      544 W. First St.
                      Reno, NV   89503
                      (775) 329-6373
                      Attorney for Plaintiffs

---

[1] To the extent futility was assessed by the Magistrate Judge, *de novo* review is appropriate. *Children First Foundation, Inc. v. Martinez*, 2007 U.S. Dist. LEXIS 94944 at * 19-20(N.D. N.Y. 2007).

KEN MCKENNA, ESQ.
544 West First Street
Reno, Nevada 89503
(775)329-6373

# CERTIFICATE OF SERVICE

Pursuant to FRAP 5(b), I certify that on this 20th day of October 2014, I electronically filed the preceding document with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to the following:

Cameron P. Vandenberg
Deputy Attorney General

/S/ Ken McKenna
KEN McKENNA

**KEN McKENNA, ESQ.**
544 West First Street
Reno, Nevada 89503
(775)329-6373